UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CESAR EMMANUEL CABRERA-HOIL, VICTOR DANIEL CETINA-CHI, WILBERT ROSENDO CHAN-TUN, MAURICIO DE JESUS ESCOBEDO-GAMBOA, ANGEL LUIS GOMEZ-BE, and JORGE RAFAEL TZEK-PEREZ,<br><br>Defendants. | No. 2:19-CR-0073-JTR<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER |

**THIS MATTER** was tried to the Court on July 11, 2019. All six defendants were charged in each of the three counts of the Amended Information.

Defendants Cesar Emmanuel Cabrera-Hoil, Victor Daniel Cetina-Chi, Wilbert Rosendo Chan-Tun, Mauricio De Jesus Escobedo-Gamboa, Angel Luis Gomez-Be, and Jorge Rafael Tzek-Perez were not present and excused from attendance pursuant to Fed. R. Crim. P. 43. Each defendant's lawyer was present throughout the trial. The United States was represented by Assistant U.S. Attorney Matthew F. Duggan.

Prior to trial, all Defendant's moved to suppress statements allegedly made to border patrol officers on the morning of their arrest. The Court granted the motion in part.

The United States presented testimony from Mr. Jason Fox, and U.S. Border Patrol Agents Vincent Clark, Jose Flores, and Michael McIsaac.

ORDER - 1

At the close of the United States' case, Defendants moved for a judgment of acquittal on all counts pursuant to FED. R. CRIM. P. 29. In open court the motion was granted with respect to Count 3. By subsequent order, the Court granted the motion as to Count 2. Accordingly, the only Count remaining in the case is Count 1 of the Amended Information.

Following the argument on the Rule 29 motions, all defendants rested without offering evidence. All parties presented argument.

In order to show Defendants committed the crime of attempted illegal entry under 8 U.S.C. § 1325(a)(1), as charged in Count 1 of the Amended Information, the United States must prove beyond a reasonable doubt (1) Defendants were not citizens of the United States, (2) Defendants had the specific intent to enter the United States free from official restraint and without the express consent of the Attorney General, and (3) Defendants committed an overt act that was a substantial step towards entering without that consent. *United States v. Castillo-Mendez*, 868 F.3d 830, 836 (9th Cir. 2017); *United States v. Lombera-Valdovinos*, 429 F.3d 927, 928 (9th Cir. 2005).

The Court now makes the following:

**FINDINGS OF FACT**

1. All events took place at or near the Oroville, Washington Border Patrol Station, within the boundaries of the Eastern District of Washington. At all times the Oroville station was "closed for entry," though apparently officers were in the facility and on duty.

2. Sometime after 3:00 a.m. on March 28, 2019 a United States Border Patrol Agent working at the Oroville, Washington station noted a white minivan with its engine running at a closed gas station convenience store on the United States side of the border. As the agent approached, the van drove away.

3. Sometime after 5:00 a.m. the same agent noticed that same white van, again at the closed gas station convenience store. The van again moved away as

the agent approached. The agent stopped the van and spoke with the driver. The driver said he was looking for work as a mechanic. The driver was detained.

4. A surveillance camera operator observed six individuals clustered on the Canadian side of the border, moving in and out of a SUV vehicle and walking back and forth within a few blocks' radius on the Canadian side of the border. These six individuals were under visual observation from this point until their subsequent apprehension by United States Border Patrol agents.

5. At approximately 5:40 a.m. on March 28, 2019, all six individuals were observed walking some 500 yards westward along the Canadian side of the border, then crossing into the United States and running through an orchard, in the general direction of the same convenience store gas station.

6. The camera operator guided agents toward these six individuals. When the agents' officially-marked vehicles came within view of the six individuals, they all scattered. At least one ran. All were apprehended curled up behind bushes, laying still on the ground, or underneath nearby trailers.

7. Defendants Cesar Emmanuel Cabrera-Hoil, Victor Daniel Cetina-Chi, Wilbert Rosendo Chan-Tun, Mauricio De Jesus Escobedo-Gamboa, Angel Luis Gomez-Be, and Jorge Rafael Tzek-Perez were detained and taken to the Border Patrol Station for processing.

8. At the Border Patrol Station defendants were orally advised of their *Miranda* rights, as a group, sometime around 6:00 a.m. Some of the defendants had questions about whether they should waive their rights.

9. Following the oral advise of rights, defendants were asked a number of questions, first questions relevant to potential asylum claims, then questions regarding potential criminal charges, then questions described as being of an "administrative" nature.

10. Some hours after their *Miranda* rights were orally conveyed, after the asylum questions were asked but before the criminal prosecution questions were

posed, approximately 8:00 a.m. to 11:00 a.m., all defendants except Mr. Cetina-Chi executed written waivers of their *Miranda* rights.

11. Following their written waivers of *Miranda* rights, Defendants were asked questions by Border Patrol Agent Prock regarding, among other things, alienage and country of origin. For each defendant, excepting Mr. Cetina-Chi, Agent Prock completed a three-page form I-867A and a one-page form I-867B. Agent Prock was not available to testify. Defendants were unable to cross-examine Agent Prock regarding the answers he recorded.

12. Agent McIssac was present for all post-*Miranda* interviews of the five defendants who signed written waivers, and in each case either conducted the interview himself or consulted with Agent Prock. Agent McIssac testified that Cesar Emmanuel Cabrera-Hoil, Wilbert Rosendo Chan-Tun, Mauricio De Jesus Escobedo-Gamboa, Angel Luis Gomez-Be, and Jorge Rafael Tzek-Perez all stated they were Mexican citizens and did not have permission to enter or be in the United States.

13. Agent McIssac further testified that he reviewed his agency's "CIS system," which is a record of when individuals apply for entry into or permission to be in the United States. He testified he found no entries for any of the six defendants

14. Agent McIssac testified that the six individuals he processed at the Oroville Border Patrol station on March 28, 2019 are the same six individuals he transported to the courtroom where these proceedings were held.

## CONCLUSIONS OF LAW

1. All defendant's completed a substantial step toward entering from Canada into the United States in a time and place and manner so as to avoid detection to and be free from official restraint or process.

2. All defendants had the specific intent to evade detection and enter the United States free from official restraint.

3. By virtue of their Mexican citizenship and lack of documentation or permission to enter or be in the United States, Cesar Emmanuel Cabrera-Hoil, Wilbert Rosendo Chan-Tun, Mauricio De Jesus Escobedo-Gamboa, Angel Luis Gomez-Be, and Jorge Rafael Tzek-Perez were aliens as the term is used in 8 U.S.C. § 1325(a)(1).

4. The Court finds Cesar Emmanuel Cabrera-Hoil, Wilbert Rosendo Chan-Tun, Mauricio De Jesus Escobedo-Gamboa, Angel Luis Gomez-Be, and Jorge Rafael Tzek-Perez are **GUILTY** of attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1), as charged in Count 1 of the Amended Information.

5. Establishing that he is not in a government data base does not alone persuade this Court beyond a reasonable doubt of Victor Daniel Cetina-Chi's "alienage" pursuant to 8 U.S.C. § 1325(a)(1).

6. Accordingly, the Court finds Victor Daniel Cetina-Chi **NOT GUILTY** of violating 8 U.S.C. § 1325(a)(1) as alleged in Count 1 of the Amended Information.

**ORDER**

1. The parties shall have until the close of business on **August 16, 2019,** to file objections to these findings.

2. Pending sentencing, Defendants shall be released on the previously-imposed conditions of pretrial release.

3. The United States Probation Office shall prepare a Presentence Investigation Report.

The Court notes that this case is a Class B Misdemeanor, that the Sentencing Guidelines do not apply, and that the Court does not expect the Presentence Investigation Report to provide detailed information about previous sentences or offense or offender conduct as those terms are used in the guidelines.

For these reasons, as well as the relatively short time frame contemplated in this Order, the Court anticipates that this Presentence Investigation Report will be

abbreviated compared to felony Presentence Investigation Reports.  The Court requests what information may be available regarding Defendants' prior criminal convictions, mental and physical health, education and employment, family and financial resources, and future plans or aspirations.  Information regarding substance abuse is requested if available and pertinent in the judgment of the U.S. Probation Officer.

4. Not later than **August 16, 2019,** the Probation Officer shall furnish a copy of the Report to the Court and counsel for the parties.  Disclosure shall be subject to the limitations imposed by FED. R. CRIM. P. 32(d)(3).  The parties shall have until the date of sentencing to file objections to the Presentence Investigation Report.  The failure to provide written objections will not limit the parties' argument at sentencing.

5. Defendants shall be sentenced on **August 26, 2019, at 1:30 p.m.**, before the undersigned.

**IT IS SO ORDERED**.  The District Court Executive shall enter this order and furnish copies to counsel.

DATED December 2, 2013.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE